UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MELISSA TYLER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MICHAELS STORES, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 1:11-CV-10920-WGY<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR ORDER CERTIFYING LEGAL QUESTIONS
TO THE MASSACHUSETTS SUPREME JUDICIAL COURT OR, IN
THE ALTERNATIVE, MOTION TO CERTIFY ADDITIONAL LEGAL QUESTIONS**

Michaels Stores, Inc. ("Michaels" or "Defendant") respectfully opposes Plaintiff's Motion for Order Certifying Legal Questions to the Massachusetts Supreme Judicial Court ("SJC"). The Court should deny certification of the two questions proposed by Plaintiff because they are answerable by reference to established precedent and/or are otherwise not determinative of this cause of action. Alternatively, if the Court is inclined to certify any questions to the SJC, Michaels respectfully requests the Court to certify the two additional questions proposed herein.

**I.   CERTIFICATION OF PLAINTIFF'S PROPOSED QUESTIONS IS NOT APPROPRIATE OR NECESSARY**

Here, Plaintiffs request the Court to certify two questions to the SJC:

"1.   Does a retailer's per se violation of Massachusetts General Laws, chapter 93, section 105(a) constitute an injury for which an aggrieved consumer can seek redress under Massachusetts General Laws, Chapter 93A, section 9?

2.   Does Massachusetts General Laws, chapter 93, section 105(a) create an actionable privacy right in the absence of fraud?"

Plaintiff's Motion for Order Certifying Legal Questions to the Massachusetts Supreme Judicial Court (Doc. No. 22) at 1.

### A.     CERTIFICATION STANDARD

"A federal court may certify a question of state law to the SJC where it finds no controlling precedent and where the question may be determinative of the pending cause of action." *Barr v. Galvin*, 793 F.Supp.2d 463, 464 (D.Mass. 2011) (*citing Mass. S.J.C.R. 1:03*). "The purpose of certification is to ascertain what the state law is.  When, however, a district court determines that it can resolve a question through application of a well-developed body of case law from state and federal courts, including the SJC, then the court should deny a motion to certify." *Sarro v. Philip Morris USA, Inc.*, No. 08-10224-MLW, 2010 WL 1930442, *2 (D.Mass. May 12, 2010) (internal quotations and citations omitted).  Thus, "[e]ven in the absence of controlling precedent … certification would be inappropriate where state law is sufficiently clear to allow the reviewing court 'to predict its course.'" *Mortgage Electronic Registrations Systems, Inc.*, *v. Agin*,  No. 09-CV-10988-PBS, 2009 WL 3834002, *2 (D.Mass. Nov. 17, 2009) (*quoting In re Engage, Inc.*, 544 F.3d 50, 53 (1st Cir. 2008)).  Accordingly, it "is inappropriate for a federal court to use [certification] when the course the state courts would take is reasonably clear." *Stewart v. Milford-Whitinsville Hospital*, 349 F.Supp.2d 68, 70 (D.Mass. 2004) (*quoting Fischer v. Bar Harbor Banking and Trust Co.*, 857 F.2d 4, 8 (1st Cir. 1988).

### B.     THE COURT SHOULD NOT CERTIFY THE FIRST PROPOSED QUESTION

Certification of the first of these two questions is inappropriate because, as the Court already has determined, it is answerable by reference to controlling SJC precedent.

As she did in her Motion to Dismiss briefing, Plaintiff appears to confuse the establishment of a *per se* Chapter 93A, §2 violation (i.e., an unfair and deceptive trade practice) premised on a violation of Mass. Gen. Laws ch. 93, §105(a) ("Section 105(a)") with the separate

requirement, under Chapter 93A, §9, of an actual injury.  Under controlling precedent of the SJC and the First Circuit Court of Appeals, the mere invasion of a legally protected interest without more does not constitute an injury under Chapter 93A.  *See Hershenow v. Enterprise Rent-A-Car Co. of Boston*, 445 Mass. 790 (2006), *Rule v. Fort Dodge Animal Health, Inc.*, 607 F.3d 250 (1st Cir. 2010).  Indeed, the SJC recently reaffirmed its holding in *Hershenow* that "[i]f any person invades a consumer's legally protected interests, ***and if that invasion causes the consumer a loss*** - whether that loss be economic or noneconomic -the consumer is entitled to redress under our consumer protection statute." *Casavant v. Norwegian Cruise Line Ltd.*, 460 Mass. 500, 503 (2011) (emphasis added).

In its Memorandum and Order granting Defendant's Motion to Dismiss, the Court already recognized this critical distinction.  In particular, the Court explained that "[a] successful claim under Chapter 93A thus requires a showing of (1) a deceptive act or practice on the part of the defendant; (2) an injury or loss suffered by the consumer; and (3) a causal connection between the defendant's deceptive act or practice and the consumer's injury."  Memorandum and Order (Dkt. No. 21) at 19 (citing *Hershenow)*.  The Court then explained that, although Plaintiff sufficiently alleged a violation of Chapter 93A (i.e., a deceptive act or practice) premised on a violation of Section 105(a), Plaintiff was still required to allege that the violation caused a cognizable injury, which she had failed to do.  Id. at 22 ("the simple fact of the statutory violation standing alone constitutes no redressable injury.")

Under controlling Chapter 93A precedent, a Plaintiff must allege both a violation of Chapter 93A (i.e., a deceptive act or practice) as well as an actual injury.  Because of the existence of well established, controlling SJC precedent on this issue, certification is not appropriate.  *Mass. S.J.C.R. 1:03*;  see also *Culhane v. Aurora Loan Services of Nebraska*, No.

3

11-11098-WGY, 2011 WL 5925525, *18, fn 15 (D. Mass. Nov. 28, 2011) ("Certification is 'manifestly inappropriate where there is no uncertain question of state law whose resolution might affect the pending federal claim.")

### C. THE COURT SHOULD NOT CERTIFY THE SECOND PROPOSED QUESTION

Certification of the second question is inappropriate because it is not determinative of the pending cause of action. In addition, certification of the second question is unnecessary because it is reasonably clear how the SJC would decide the matter.

#### (i) The Second Proposed Question Is Not Determinative Of This Matter

In her second proposed question, Plaintiff seeks to certify a question that would define the scope of conduct that constitutes a violation of Section 105(a). The Court, however, already determined that Plaintiff sufficiently alleged a violation of Section 105(a). Despite the Section 105(a) violation, the Court dismissed Plaintiff's claim because she failed to allege a legally cognizable injury under Chapter 93A. Memorandum and Order (Dkt. No. 21) at 19-26. Thus, certification of this question is not appropriate because the determinative issue is not whether a Section 105(a) violation occurred, but rather whether the Plaintiff adequately alleged an injury under Chapter 93A. *See Sultis v. General Motors Corp.*, 690 F.Supp. 100, 106 (D.Mass. 1988) (declining to certify question of law to SJC because issue was not case dispositive in light of other rulings made by judge).[1]

#### (ii) Certification Is Not Justified Because The Statute Is Reasonably Clear

This Court already thoroughly analyzed the relevant statutory language as well as its legislative history to conclude that Section 105(a) was enacted as a fraud prevention measure,

---

[1] Additionally, certification should be denied because Plaintiff lacks standing to sue under Article III due to her inability to allege a cognizable injury. As this Court already explained, in order to establish Article III standing a Plaintiff must plead an injury beyond just a statutory violation. Memorandum and Order (Dkt. No. 21) at 22, fn 8. Thus, because Plaintiff lacks Article III standing, is it not necessary or appropriate to certify either question to the SJC.

4

not to create a vague privacy right.  Memorandum and Order (Dkt. No. 21).  Displeased with this analysis, Plaintiff now seeks a second chance to convince the SJC of her unsupportable broader interpretation.  Plaintiff, however, fails to explain how this Court's conclusion that "[t]he legislative history of Section 105(a) shows that the legislature's main concern was to prevent fraud" is flawed.  Id. at 9.  Where, as here, the outcome before the SJC is reasonably clear, certification is not appropriate.  *See, e.g.*, *McGovern Physical Therapy Associates, LLC v. Metropolitan Property & Casualty Ins. Co.*, No. 10-CV-12003-RGS, 2011 WL 3276234, *3 (D. Mass. July 29, 2011) (declining request to certify statutory interpretation issues where the course that the state court would take was reasonably clear); *Sarro v. Philip Morris USA, Inc.*, No. 08-10224-MLW, 2010 WL 1930442 (D. Mass. May 12, 2010); *Mortgage Electronic Registrations Systems, Inc., v. Agin*, No. 09-CV-10988-PBS, 2009 WL 3834002, *2 (D. Mass. Nov. 17, 2009); *Stewart v. Milford-Whitinsville Hospital*, 349 F.Supp.2d 68, 70 (D.Mass. 2004) ("is inappropriate for a federal court to use [certification] when the course the state courts would take is reasonably clear.") (*quoting Fischer v. Bar Harbor Banking and Trust Co.*, 857 F.2d 4, 8 (1st Cir. 1988)).

**II.    TO THE EXTENT THE COURT CERTIFIES ANY QUESTIONS TO THE SJC, IT SHOULD ALSO INCLUDE DEFENDANT'S PROPOSED QUESTIONS**

Although Michaels maintains that no certification is necessary, to the extent the Court decides to certify any questions of law, Michaels respectfully requests that the following questions also be certified, the following statement of facts be set forth in the certification order, and for the Court to submit a certified copy of Plaintiff's Complaint to the SJC.  To the extent the Court determines that certification of questions relating to Section 105(a) are appropriate as a case of first impression, so too are these questions appropriate for certification.

## QUESTIONS TO BE CERTIFIED

1. Does a ZIP Code Constitute Personal Identification Information Within The Meaning of Mass. Gen. Laws ch. 93, § 105(a)?

2. Does an Electronic Database Constitute A Credit Card Transaction Form Within The Meaning of Mass. Gen. Laws ch. 93, § 105(a)?

## STATEMENT OF FACTS

Plaintiff filed a putative class action on May 23, 2011 against Michaels. Michaels filed a Motion to Dismiss on July 22, 2011. The Court granted Michaels' Motion to Dismiss in its entirety, but reserved entering a judgment of dismissal pending the submission of requests for certification from the parties.

Plaintiff's Complaint contains the following relevant factual allegations:

1. "Plaintiff Melissa Tyler is a citizen and resident of the Commonwealth of Massachusetts. On several occasions in the past year, when making a credit card purchase at a Michaels in Everett, Massachusetts, Ms. Tyler was asked to provide her ZIP code. Under the mistaken impression that she was required to do so in order to complete the transaction, she complied. Subsequently, Ms. Tyler received unwanted marketing material from Michaels." (Complaint at ¶ 6).

2. "Defendant Michaels Stores, Inc. is a corporation established under the laws of the State of Delaware, with its principal place of business located in Irving, Texas. On information and belief, Michaels maintains a policy of writing consumers' credit card numbers, ZIP codes and names on an electronic credit card transaction form in connection with credit card purchases." (Id. at ¶ 7)

3. "When a consumer uses credit cards at Michaels' retail stores in Massachusetts, a Michaels' employee requests that consumer's ZIP code. The Michaels' employee then writes

that ZIP code into the credit card transaction form, which is on the computerized check-out register used to process the point-of-sale transaction. Consumers typically provide this information in the mistaken belief that providing a ZIP code is necessary to complete the transaction." (Id. at ¶ 20).

4. Plaintiff's alleged injuries are an invasion of a "protected privacy interest" through the collection of ZIP codes, as well as an alleged "appropriation of [her] economically valuable personal identification information without consideration." (Id. at ¶ 21).

## CONCLUSION

For the foregoing reasons, certification of the questions proposed by Plaintiff to the SJC is not necessary or appropriate. The Court, therefore, should decline to certify any questions. To the extent the Court decides to certify any questions to the SJC, it should also certify the two questions proposed by Defendant and enter a stay of the District Court Action, including discovery, pending the SJC decision on certification.

        Respectfully submitted,

        DEFENDANT,

        MICHAELS STORES, INC.,

        By its attorneys,

         /s/ Kent D.B. Sinclair
        Kent D.B. Sinclair (BBO# 639597)
        Jonathan W. Lent (BBO# 655235)
        SEYFARTH SHAW LLP
        World Trade Center East
        Two Seaport Lane, Suite 300
        Boston, MA  02210-2028
        TEL: (617) 946-4800
        FAX: (617) 946-4801
        E-Mail:  ksinclair@seyfarth.com
Dated: January 27, 2012        E-Mail:  jlent@seyfarth.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the Court's ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 27, 2012.

                                   /s/ Kent D.B. Sinclair
                                   Kent D.B. Sinclair