UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MELISSA TYLER on behalf of )
herself and all others )
similarly situated, )
                          )
              Plaintiffs, )
                          )
         v.               )        CIVIL ACTION
                          )        NO. 11-10920-WGY
MICHAELS STORES, INC.     )
                          )
              Defendant.  )

ORDER OF CERTIFICATION

YOUNG, D.J.                                    February 6, 2012

## I.  INTRODUCTION

Melissa Tyler ("Tyler") sued Michaels Stores, Inc.

("Michaels") claiming that Michaels illegally requested

customers' ZIP codes when processing her credit card

transactions.  On January 6, 2012, this Court held that under

Massachusetts General Laws, chapter 93, section 105(a) (the "Act"

or "Section 105(a)") a ZIP code constitutes personal

identification information in a credit card transaction, and a

retailers's electronic card terminal may contain a credit card

transaction form.  Tyler v. Michaels Stores, Inc., Civil Action

No. 11-10920-WGY, 2012 WL 32208, at *1 (D. Mass. Jan. 6, 2012).

This interpretation of "personal identification information" and

"credit card transaction form" presented an issue of first
impression under the Act.

## II.  **PRIOR PROCEEDINGS**

Tyler filed a putative class action on May 23, 2011 against
Michaels.  Class Action Compl. ("Compl."), ECF No. 1.
Subsequently, on July 22, 2011, Michaels filed a motion to
dismiss.  Def.'s Mot. Dismiss ("Michaels' Mot."), ECF No. 9.  On
September 2, 2011, Tyler filed her memorandum in opposition to
Michaels' motion to dismiss.  Mem. L. Opp'n Def.'s Mot. Dismiss
("Tyler's Mem."), ECF No. 15.  On September 16, 2011, Michaels
filed its reply memorandum.  Reply Supp. Def.'s Mot. Dismiss, ECF
No. 17.  On September 30, 2011, Tyler filed her sur-reply.  Sur-
Reply Opp'n Def.'s Mot. Dismiss Compl. ("Sur-Reply"), ECF No. 18.
This Court heard oral arguments on the motion on October 20,
2011.  Michaels' motion to dismiss was granted, this Court
holding that a ZIP code constitutes personal identification
information in a credit card transaction, a retailers's
electronic card terminal may contain a credit card transaction
form, but rejecting Tyler's argument that the Massachusetts
legislature intended to create a statutory privacy interest so
broad as to shield a consumer from receiving unwanted marketing
materials.  Therefore, absent a cognizable injury, Tyler's case
was dismissed.  Tyler, 2012 WL 32208, at *12.  On January 13,
2012, Tyler submitted a motion to certify the legal questions

presented in this case.  Mot. Order Certifying Legal Questions
Mass. SJC, ECF No. 22.

## III. **BACKGROUND**

On several occasions during the past year, Tyler made credit
card purchases at Michaels in Everett, Massachusetts, at which
she was asked to provide her ZIP code number.  Compl. ¶ 6.  Tyler
provided the information under the mistaken impression that she
was required to do so to complete the transaction.  Id. ¶¶ 6, 20.
Tyler alleges that Michaels' employees entered her and other
customers' ZIP codes on the computerized check-out register used
to process the point-of-sale transaction.  Id. ¶ 20.  The cash
register created an electronic "form" containing the credit card
number, the card holder's name, and ZIP code.  Id. ¶¶ 7, 20.

The credit card issuer did not require Michaels to request
its customers' ZIP codes to process their transactions, id. ¶ 1,
nor did Michaels request the ZIP code for verification of the
card holder's identity, id.  Rather, Michaels used Tyler's name
and ZIP code in conjunction with other commercially available
databases to find her address and phone number.  Id. ¶ 21.  Tyler
then received unwanted marketing materials from Michaels.  Id. ¶
6.

Tyler's complaint is predicated on an alleged violation of
Section 105(a), and this Court had to decide whether a ZIP code
constitutes "personal identification information" in a credit

3

card transaction, and whether the retailers's electronic card terminal creates a "credit card transaction form" into which the retailer writes customers' ZIP codes.

## C. The Parties' Proposed Constructions

### 1. Tyler's Construction of "Personal Identification Information"

Tyler argued that this Court ought follow the decision of the California Supreme Court in Pineda v. Williams-Sonoma Stores, Inc., 246 P.3d 612 (Cal. 2011) and reach the same conclusion that it reached, viz. that a ZIP code is part of an address and that the statute was intended to include all components of the card holder's address within the meaning of "personal identification information." 246 P.3d at 616-18. Tyler asserted that Section 105(a) is on all fours with the California Statute[1] and, as did the Pineda court, this Court ought conclude that Michaels cannot require a customer's ZIP code, a component of her address, as a means of discovering the customer's full address and send unwanted marketing materials.

---

[2] California Civil Code § 1747.08(a) provides:

> [N]o person, firm, partnership, association, or corporation that accepts credit cards for the transaction of business shall do any of the following:
> (1) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to write any personal identification information upon the credit card transaction form or otherwise.

4

The Pineda court held that a ZIP code constitutes "personal identification information" even though it may describe an area with an undefined group of individuals, noting that addresses and telephone numbers are not always specific to an individual, but often refer to multiple persons in a house or workplace. Id. at 617. The court also held that a the ZIP code is "information unnecessary to the sales transaction" and is "similar to [the card holder's] address or telephone number," because "it can be used, together with the cardholder's name, to locate his or her full address." Id. (citations omitted). The California Supreme Court adopted this broad construction of "personal identification information" in light of the legislative history of the California statute which demonstrates that its goal was preventing retailers from directly or indirectly obtaining personal identification information for marketing purposes. Id. at 617-18.

## 2. **Michaels' Construction of "Personal Identification Information"**

Michaels contended that nowhere in the Act is a ZIP code classified as personal identification information. Michaels further argued that, unlike an address or telephone number that identifies an individual, a ZIP code is a numbered coding system that only identifies a post office geographic area.

5

### 3. Tyler's Construction of "credit card transaction form"

Tyler has alleged that Michaels' cashier entered Tyler's ZIP code, together with her credit card number and name, into the electronic card terminal, which contained a computerized "transaction form." Tyler's Mem. 6.

### 4. Michaels' Construction of "credit card transaction form"

Michaels contended that the language of the Act does not include an electronically stored transaction form, such as a database, and that the "transaction form" must be a physical document, e.g. a printed slip or receipt.[2] Michaels' Mem. 11-12.

## IV. THIS COURT'S STATUTORY CONSTRUCTION

### A. Construction of "Personal Identification Information"

Section 105(a) prohibits any person or business from writing "personal identification information" not required by the credit card issuer. Mass. Gen. Laws ch. 93, § 105(a). The Act does not define the words "personal identification information." It explains, however, that "[p]ersonal identification information shall include, but shall not be limited to, a credit card

---

[2] Michaels pointed out that the California Supreme Court in Pineda did not consider the meaning of the term "credit card transaction form," because the California statute provides a broad prohibition against writing a customer's information "upon "the credit card transaction form or otherwise," Cal. Civ. Code § 1747.08(a)(1), while the Massachusetts Act only prohibits writing "on the credit card transaction form," Mass. Gen. Laws ch. 93, § 105(a). Michaels' Mem. 11.

holder's address or telephone number." Id. The Massachusetts
legislature enacted Section 105(a) to prevent exposing the
customer to an unnecessary risk of identity fraud by using
personal identification information on the transaction form, not
otherwise required for the credit card transaction.  The Act
strikes a balance, prohibiting the merchant from recording on the
transaction form any unnecessary personal identification
information, while allowing the merchant to request the
purchaser's personal information for other purposes unrelated to
the credit card transaction, viz. information "necessary for
shipping, delivery or installation of purchased merchandise or
services or for a warranty."  Mass. Gen. Laws ch. 93, § 105(a).

    This Court held that ZIP code numbers are "personal
identification information" under Section 105(a), because a ZIP
code number may be necessary to the credit card issuer to
identify the card holder in order to complete the transaction.
In some circumstances, a ZIP code in a credit card transaction is
the equivalent of a Personal Identification Number ("PIN number")
in a debit card transaction.  Commonwealth v. Ryan, 79 Mass. App.
Ct. 179, 184 & n.7 (2011) (holding that "a debit card is the
functional equivalent of a credit card" for the purposes of
assessing a scheme involving theft of card data) (citing Cumis
Ins. Soc'y, Inc. v. BJ's Wholesale Club, Inc., 455 Mass. 458,
462-63 (2009)).  This construction is more consistent with the

7

Massachusetts legislative intent to prevent fraud than a broad construction creating a statutory privacy right, which seeks to prevent collection of ZIP codes as a component of the address that later can be used to obtain a full addresses for marketing purposes.

## B. Construction of "credit card transaction form"

Section 105(a) prohibits any person or business from writing "personal identification information . . . on the credit card transaction form." Mass. Gen. Laws ch. 93, § 105(a). The Act does not define the meaning of "transaction form." The Act provides that Section 105(a) "shall apply to all credit card transactions," Mass. Gen. Laws ch. 93, § 105(a), thus the plain meaning of the words naturally includes all such transactions, whether they are processed manually, electronically, or by some other method. See In re Shamus Holdings, LLC, 642 F.3d 263, 265 (1st Cir. 2011) ("Unless specially defined, the legislature's words are generally deemed to carry their plain and ordinary meaning." (citing Boivin v. Black, 225 F.3d 36, 40 (1st Cir. 2000)). The point-of-sale transaction terminal may allow the merchant to write the information into the machine to be electronically stored. See BJ's Wholesale Club, Inc., 455 Mass. at 463 ("[The] transaction processing software used by BJ's [] permanently stor[ed] the magnetic stripe data in transaction logs."). The language of the Act does not distinguish between

8

paper and electronic transaction forms, and an individual who creates an electronic form violates the Act just as does an individual who writes on a paper form. Both methods may create a transaction form and pose the same risk of identity fraud to the customer. Therefore, this Court concluded that the plain meaning of the words "credit card transaction form" under Section 105(a) refers equally to an electronic or a paper transaction form.

## V.   ORDER FOR CERTIFICATION

The interpretation of "personal identification information" and  "credit card transaction form" as well as this Court's related interpretations of the Massachusetts General Laws have a dispositive impact on Tyler's case and will govern its further management. Under the interpretation of this Court, Tyler has failed to show that the Massachusetts legislature intended Section 105(a) to prevent retailers from directly or indirectly obtaining personal identification information for marketing purposes. To the extent that Tyler can demonstrate that she suffered damages incurred as a result of a violation of Section 105(a) under a more broad interpretation of the statute, Tyler may be able to move to certify a class of all Massachusetts residents who suffered the same damages. If, however, Tyler suffered no damages as a result of her alleged violation of privacy rights when she received unwanted mail, the case will be dismissed.

Because the fate of this case hinges on interpretations of
Massachusetts laws and there are no controlling precedents in the
decisions of the Supreme Judicial Court of Massachusetts, this
Court respectfully certifies the following questions to the
Supreme Judicial Court of Massachusetts pursuant to its Rule
1:03:

1. Under Massachusetts General Laws, chapter 93, section
   105(a), may a ZIP code number be "personal
   identification information" because a ZIP code number
   could be necessary to the credit card issuer to
   identify the card holder in order to complete the
   transaction?

2. Under Massachusetts General Laws, chapter 93, section
   105(a), may a plaintiff bring an action for this
   privacy right violation absent identity fraud?

3. Under Massachusetts General Laws, chapter 93, section
   105(a), may the words "credit card transaction form"
   refer equally to an electronic or a paper transaction
   form?

This Court of course welcomes the advice of the Supreme
Judicial Court of Massachusetts on any other questions of
Massachusetts law deemed material to this case.

The Clerk will transmit this question and copies of the
record, briefs, and appendices in this case to the Clerk of the
Supreme Judicial Court of Massachusetts.

This case will remain administratively closed and
proceedings stayed until responses to the certified questions are
received from the Supreme Judicial Court.

SO ORDERED.

William L. Young

WILLIAM G. YOUNG
DISTRICT JUDGE

10