UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE MICHAELS STORES, INC. ZIP CODE LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Civil Action No. 1:11-10920-WGY<br>(Consolidated with Civil Action No. 13-1-608-WGY) |

**DECLARATION OF TODD S. GARBER IN SUPPORT
OF UNOPPOSED MOTION FOR PRELIMINARY CLASS CERTIFICATION,
PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT, APPROVAL OF FORM
AND MANNER OF NOTICE, AND TO SET A FINAL FAIRNESS HEARING**

I, Todd S. Garber, declare the following under the penalties of perjury:

1.  I am a partner in the law firm of Meiselman, Packman, Nealon, Scialabba & Baker P.C. ("Meiselman Packman"), attorneys for Plaintiff Melissa Tyler in the above-captioned action. I respectfully submit this Declaration in support of Plaintiffs' Unopposed Motion For Preliminary Approval Of Class Action Settlement.

2.  Meiselman Packman was retained by Plaintiff Tyler to prosecute her claims that Michaels Stores, Inc. ("Michaels") unlawfully collected her and other similarly situated Massachusetts consumers' ZIP codes when they made a credit card purchase, in contravention of M.G.L. c. 93 § 105(a).

**Background Of The Litigation And Settlement Discussions**

3.  Before bringing the instant action, Meiselman Packman exhaustively investigated Plaintiffs' claims.

4.  On or about March 11, 2011, pursuant to M.G.L. c. 93A § 9(3), Plaintiff Tyler sent notice to Michaels of her intent to file a class action complaint in the United States District

Court for the District of Massachusetts, in which she intended to state claims against Michaels for violations of M.G.L, c. 93 sec 105(a) on behalf of herself and all others similarly situated.

5. On May 23, 2011, Plaintiff Tyler filed a Complaint in the United States District Court for the District of Massachusetts, styled Tyler v. Michaels Stores, Inc., Case No. 1:11-cv-10920-WGY, which asserts claims for Unjust Enrichment and violations of the Massachusetts Unfair Trade Practices Act, Mass. Gen. Laws, ch. 93A.

6. On July 22, 2011, Michaels filed a motion to dismiss the Complaint and the parties thereafter engaged in extensive briefing relating to this motion.

7. On October 20, 2011, this Court held oral argument on Michaels's motion to dismiss.

8. On January 6, 2012, this Court granted Michaels's motion to dismiss. Tyler v. Michaels Stores, Inc., 840 F. Supp. 2d 438, 452 (D. Mass. 2012). The Court, noting that "this is a case of first impression," invited either party to request that the "question of Massachusetts state law" be certified to the "Supreme Judicial Court." Id. at 452 n.10. Thereafter, on January 13, 2012, Tyler moved for an order certifying certain legal questions of Massachusetts Commonwealth law to the Supreme Judicial Court. (Dkt. No. 22.) Michaels opposed Plaintiff's request. (Dkt. No. 23.)

9. On February 6, 2012, this Court granted certification to the Massachusetts Supreme Judicial Court, certifying the following questions:

    i. Under Massachusetts General Laws, chapter 93, section 105(a), may a ZIP code number be "personal identification information" because a ZIP code number could be necessary to the credit card issuer to identify the card holder in order to complete the transaction?

      ii. Under Massachusetts General Laws, chapter 93, section 105(a), may a plaintiff bring an action for this privacy right violation absent identity fraud?

      iii. Under Massachusetts General Laws, chapter 93, section 105(a), may the words "credit card transaction form" refer equally to an electronic or a paper transaction form?

10. On March 11, 2013, the Supreme Judicial Court answered "'Yes' to the first question, but for different reasons than the judge set forth in the question itself. We also answer 'Yes' to the second and third questions." Tyler v. Michaels Stores, Inc., 464 Mass. 492, 493, 984 N.E.2d 737, 739 (2013).

11. On or about March 14, 2013, Plaintiff D'Esposito filed a Complaint, styled D'Esposito v. Michaels Stores, Inc., Case No. 13-1-608-WGY, alleging similar allegations to those alleged in the Tyler action.

12. On March 28, 2013, this Court consolidated both actions.

13. On April 29, 2013, this Court entered the Parties' Joint Case Management Schedule, setting the case to be ready for trial in May 2014. (Dkt. No. 53.)

14. On April 29, 2013, Michaels filed its Answers to both the Tyler and D'Esposito Complaints. (Dkt. No. 54-55.)

15. On May 1, 2013, this Court entered Plaintiffs' Proposed Case Management Order appointing Meiselman, Packman, Nealon, Scialabba & Baker P.C. and Denlea & Carton LLP as Co-Lead Counsel and Whatley Kallas, LLC as Liaison Counsel. (Dkt. No. 57.)

16. Both the Tyler and D'Esposito Complaints allege that Michaels violates Mass. Gen. Laws ch. 93 § 105(a) through its collection of ZIP codes from its customers when they make purchases using credit cards at Michaels retail stores in Massachusetts. The Complaints

allege that Michaels employees ask customers for their ZIP codes in order to "reverse engineer" and identify those customers' addresses using commercially available databases. The Complaints allege that Michaels is thus able to use that personal identification information for intrusive marketing purposes, which include Michaels's own direct marketing, such as sending marketing mail directly to consumers' homes without their permission.

17. Plaintiffs contend that the Consolidated Actions have merit. Michaels contends that the Consolidated Actions do not have merit and that Michaels has defenses that could eliminate or reduce liability and monetary recovery in this case and facts/law that would defeat class certification.

18. Subsequent to the consolidation of the two cases, the Parties exchanged initial disclosures, and Plaintiffs served Michaels with requests for production and interrogatories. Michaels answered Plaintiffs' Complaints by, among other things, generally and specifically denying the Complaints' allegations that Plaintiffs or the Class have been damaged in any sum whatsoever and that Plaintiffs or the Class are entitled to the relief requested in the Complaints or any other relief.

19. Counsel for the Settling Parties subsequently conferred dozens of times via email and telephone, during which time they (and their clients) considered their claims and defenses, the potential for liability and the certification of a class, as well as the potential for a fair and reasonable class action settlement.

20. During these discussions, Plaintiffs obtained from Defendant information relating to Michaels's policies and practices with respect to its customers' ZIP codes, as well as the size and composition of the proposed Class.

21. After conducting sufficient discovery such that each side was in a position to evaluate the merits, strengths, and weaknesses of any claims or defenses, the parties agreed to engage in arm's-length settlement negotiations. Leading up to and including the settlement negotiations, the Settling Parties each examined the uncertainties of trial and the benefits to be obtained under a settlement, and they have each considered the costs, risks, and delays associated with the continued prosecution of this time-consuming litigation and the likely appeals of any rulings in favor of either Plaintiffs or Michaels. At the end of a long, sometimes contentious day of in-person, arm's length, good faith settlement negotiations in New York among highly experienced counsel, in which Michaels General Counsel and Assistant General Counsel actively participated, the parties reached a settlement. After the Settlement was reached, the Settling Parties drafted and executed the Settlement Agreement and Release.

22. The Settling Parties agreed that Plaintiff Tyler will be entitled to apply to the Court for an incentive award of up to Five Thousand Dollars ($5,000.00) and that Plaintiff D'Esposito will be entitled to apply for an incentive award of up to Two Thousand Five Hundred Dollars ($2,500.00) in recognition of the time and effort spent by the Plaintiffs as the Class Representatives. Michaels has agreed to pay such incentive awards if approved by the Court. These amounts will be paid separate from and in addition to the amount that Michaels has agreed to pay to Class members, and will in no way diminish the Class recovery.

23. Furthermore, subject to Court approval, the Settling Parties reached an agreement on attorneys' fees and costs to be paid by Michaels. Pursuant to the Settling Parties' agreement, Class Counsel will be entitled to apply for attorneys' fees and costs up to Four Hundred Twenty Five Thousand Dollars ($425,000.00) to which Michaels will not object. Subject to Court

approval, Michaels has agreed to pay this amount. The attorneys' fees and expense reimbursement will in no way diminish the recovery of the Class.

24. It is my understanding that Michaels maintains a database of names and mailing addresses for all members of the Class which will allow direct mail notice to the Class.

25. Attached as Exhibits 1 and 2 are the forms of the summary and long form notices jointly proposed by the parties.

### Meiselman Packman Has Experienced Consumer Class Action Attorneys

26. Meiselman Packman will fairly and adequately represent the interests of all class members, and thus satisfies the requirements of Federal Rule of Civil Procedure 23 with respect to the appointment of class counsel. Meiselman Packman has a proven track record of zealously and successfully advancing the interests of class members in consumer class actions.

27. Meiselman Packman's attorneys are highly qualified and have extensive experience in complex civil litigation and consumer class actions. We understand the duties imposed upon class counsel in consumer class actions, and have proven adept at all phases of litigation, from discovery and motion practice to trial and appeal or settlement.

28. Meiselman Packman was established more than 30 years ago. Meiselman Packman has been selected by the Bar Register of PreEminent Lawyers, which includes less than one percent of attorneys nationwide. Meiselman Packman's partners have been recognized as "Super Lawyers" and have been selected by their peers as amongst the New York area's "Best Lawyers." The firm's lawyers have been selected for admission to the Top Trial Lawyers in America™ and to the Litigation Counsel of America's Trial Lawyer Honorary Society, as well as inducted as Fellows in the American Bar Foundation.

29. Meiselman Packman has successfully litigated complex class actions in federal

and state courts all across the country, and has obtained successful results for clients against some of the world's largest corporations, such as Shell Oil Company, Wal-Mart and Costco. A sampling of the Firm's more significant past and present cases can be found in the Firm's Resume attached hereto as Exhibit 3.

30. Indeed, this being the first case brought under § 105(a) for unlawful collection of ZIP codes, and having successfully persuaded the Massachusetts Supreme Judicial Court to find that the collection of ZIP codes violates § 105(a) and that consumers can seek redress under Chapter 93A for non-fraud related injuries caused by violations of § 105(a), Meiselman Packman has played a leading role in the development of the area of law at issue in this action. Furthermore, Meiselman Packman was appointed Lead Counsel and recently achieved a favorable settlement in Brenner v. J.C. Penney Company, Inc., 13-11212-RGS (D. Mass.), and was appointed Co-Lead Counsel in In re Bed Bath & Beyond, Inc. Zip Code Litigation, 13-10639-WGY (D. Mass.), both of which relate to the unlawful collection of zip codes in violation of § 105(a).

31. Meiselman Packman is also counsel of record in numerous class actions throughout the country, including cases pending in the United States District Courts for the District of Massachusetts, Northern District of California, Central District of California, Southern District of New York, District of New Jersey, District of Connecticut, District of Columbia, District of Nevada, as well as actions pending in the state courts of New York, New Jersey, Florida, and California.

32. Meiselman Packman attorneys have the requisite knowledge of the substantive and procedural law to prosecute this class action. Meiselman Packman has committed its resources to the vigorous litigation of this case, identified appropriate claims, and aggressively

pursued discovery to establish the evidence necessary to obtain class certification and to prevail on the merits.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 14, 2014 in White Plains, New York.

By: /s/ Todd S. Garber
Todd S. Garber